## Smuckler *v.* Di Napoli, Appellant.

*Principal and agent—Contract—Failure to disavow act of agent —Custom—Evidence.*

A principal who neglects promptly to disavow an act of his agent by which the latter has transcended his authority makes the act his own. He is bound to disavow it the first moment the fact comes to his knowledge.

Where a dealer in flour with the full knowledge of the fact that his agent had sold five barrels of flour to a customer as a sample to be followed by one hundred barrels, if satisfactory to the customer, delivers to the customer the five barrels without any intimation that that was to be the extent of the order, and that the five barrels are delivered free from any obligation as to future deliveries, he acquiesces in the contract made for him by his agent, and is bound to deliver one hundred barrels.

In such a case the court will not consider evidence that according to the custom of flour merchants it was optional for the

vendor to deliver the flour, where there is no proof that the custom was notorious, universal and well established, or was actually known to the plaintiff.

Argued Dec. 1, 1915. Appeal, No. 142, Oct. T., 1915, by defendant, from judgment of the Municipal Court, Philadelphia Co., Feb. T., 1915, No. 32, for plaintiff on case tried by the court without a jury in suit of Louis Smuckler v. Antonio Di Napoli. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit for breach of contract.

The cause was tried by KNOWLES, J., without a jury.

At the trial it appeared that the action was brought to recover the sum of $150.00 which the plaintiff claimed to have lost by reason of the failure of the defendant to deliver to him one hundred barrels of flour which he claimed he had bought from defendant through the latter's agent. The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for plaintiff.

*Francis J. Maneely,* for appellant.

*Clinton A. Sowers,* with him *Robert M. Bernstein* and *Ernest M. Vail,* for appellee, cited: Anderson Coal Mining Co. v. Sloan, Howell & Co., 46 Pa. Superior Ct. 320.

OPINION BY TREXLER, J., April 17, 1916:

The jury could find from the testimony submitted that Di Napoli, the defendant, had told Leary to sell some flour for him for cash; that he would deliver whatever Leary sold. He gave him a sample and fixed the price of the flour at $5.25 per barrel. Leary went to Smuckler, the plaintiff, and secured an order for five barrels with the understanding that if the flour was satisfactory, the order would be for one hundred barrels; this order Leary communicated to Di Napoli, who had knowledge

of all the facts.   He stated to Leary that he would not fill the order, but was persuaded by Leary to send the sample order of five barrels.   Di Napoli denies that it was a sample order but in his letter replying to Smuckler making demand for the flour he states that he delivered the five barrels as a sample.   There was no communication between Di Napoli and Smuckler other than the demand of Smuckler for the flour and Di Napoli's refusal to deliver.

When Di Napoli, with the knowledge of the fact that his agent had sold five barrels as a sample to be followed by one hundred barrels if satisfactory to the customer, delivered to Smuckler the five barrels without any intimation that that was to be the extent of the order and that the five barrels were delivered free from any obligation as to future deliveries, he acquiesced in the contract made for him by Leary.   Smuckler was not charged with knowledge of the conversation which passed between Di Napoli and his agent.   Upon the face of things he had the right to believe the entire contract was to be performed by Di Napoli.   There was an affirmance of the act of the agent by Di Napoli by the fact that he performed the contract partially, delivered the five barrels, and gave no intimation that he was not bound by its terms.   As was said by Brother HENDERSON in Coal Co. v. Howell & Co., 46 Pa. Superior Ct. 320.   "It is undisputable that a principal who neglects promptly to disavow an act of his agent by which the latter has transcended his authority makes the act his own.   He is bound to disavow it the first moment the fact comes to his knowledge."

There was some evidence in the case that according to the custom of flour merchants it was optional for the vendor to deliver the flour.   There was no proof that the custom was notorious, universal and well established or was actually known by the plaintiff.   See Somerset Door & Column Co. v. Weber Co., 43 Pa. Superior Ct. 290.

Judgment affirmed.